UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALEXIS D. A. M., | |
| Petitioner, | Civil No. 26-447 (JRT/ECW) |
| v. | |
| PAMELA BONDI, *United States Attorney General*; | |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; | **MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and | |
| Respondents. | |

---

Claire Glenn, **CLIMATE DEFENSE PROJECT**, Post Office Box 7040, Minneapolis, MN 55407, for Petitioner.

Ana H. Voss, David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Alexis D. A. M. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 19, 2026. He filed a petition for a writ of habeas corpus that same day, arguing that he is being detained unlawfully. Because the Court concludes that Petitioner's detention is unlawful, the Court will grant the petition

for habeas corpus and order that he be immediately returned to Minnesota and released from custody.

## BACKGROUND

Petitioner is a resident of St. Paul, MN, and a citizen of Honduras. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 7, Jan. 19, 2026, Docket No. 1.) He entered the United States as an Unaccompanied Minor Child at the age of 16 and has lived in the United States since 2021. (*Id.* ¶ 13–14.) Petitioner lives in St. Paul with his wife and sister. (*Id.* ¶ 15.) He was initially detained at the Bloomington jail, but at the time his habeas petition was filed, the online ICE detainee locator listed his location as "Call ICE for Details." (*Id.* ¶ 22)

On January 20, 2026, the day after the habeas petition was filed, the Court issued an order enjoining Respondents from removing Petitioner from the District of Minnesota and directing Respondents to file an answer to the petition by January 22. (*See* Docket No. 3.) Nevertheless, Respondents have informed the Court that "Petitioner was . . . transferred to a facility in Texas on January 20, 2026, before the Enforcement and Removal Operations personnel who carried out the transfer learned of the Court's order." (Response at 2, Jan. 22, 2026, Docket No. 5.)

## DISCUSSION

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis

the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Petitioner was arrested while already in the United States—where he has lived for over four years. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Finally, the Court emphasizes its concern that Respondents transported Petitioner out of Minnesota **after** the Court expressly ordered Respondents not to do so. This sort of noncompliance **is unacceptable.**

The Court will grant the petition for writ of habeas corpus, and order that Petitioner be returned to Minnesota and released from custody immediately.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Alexis D. A. M.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

    d. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on January 28, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

-4-

DATED:  January 26, 2026                             /s/ John R. Tunheim
at Minneapolis, Minnesota                           JOHN R. TUNHEIM
at 10:30 A.M.                                       United States District Judge