UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALEXIS D. A. M., | |
| Petitioner, | Civil No. 26-447 (JRT/ECW) |
| v. | |
| PAMELA BONDI, *United States Attorney General*; | |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; | **ORDER ON MOTION FOR ORDER TO SHOW CAUSE AND TO OPEN, ALTER, OR AMEND JUDGMENT** |
| TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and | |
| Respondents. | |

---

Petitioner Alexis D. A. M. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 19, 2026. He filed a petition for a writ of habeas corpus that same day, arguing that he was being detained unlawfully. (*See* Docket No. 1.) The Court rejected Respondents' purported basis for arresting and detaining Petitioner and ordered his immediate return to Minnesota and release. (Mem. Op. and Order, Jan. 26, 2026, Docket No. 6.)

Two days later, on January 28, 2026, Respondents filed a status update, stating in full:

> The undersigned counsel has been informed that Petitioner was released on January 27, 2026. Respondents do not believe any further proceedings are required in this matter.

(Response, Jan. 28, 2026, Docket No. 7.)  The Court, taking Respondents at their word that the Court's January 26, 2026 Order had been complied with, entered judgment and closed the case.  (*See* Docket No. 9.)

However, on February 3, 2026, Petitioner filed a Motion to Open, Alter, or Amend Judgment and for an Order to Show Cause.  (Docket No. 10.)  Petitioner states that although Petitioner "was timely released," Respondents "imposed numerous conditions of release on Petitioner," including "order[ing] Petitioner to check-in with a duty officer, submit to electronic monitoring, register in a substance abuse program, register in a 'sexual deviancy counseling program,' as well as numerous other conditions."  (*Id.* at 2.)  These conditions appear to have been imposed as part of an "Order of Release on Recognizance."  (*See* Aff. of Claire Nicole Glenn, Ex. 1, Feb. 3, 2026, Docket No. 11-1.)

The Court concluded in its January 26, 2026 Order that Respondents lacked a lawful basis to arrest and detain Petitioner and ordered his immediate release.  Although the Order did not contain express language prohibiting Respondents from imposing conditions on Petitioner's release, the Court is skeptical that Respondents possess any lawful authority to impose such conditions given that Petitioner's arrest and detention were unlawful in the first instance.

-2-

Therefore, the Court will reopen this case pursuant to Federal Rule of Civil Procedure 59(e) and will order Respondents, within 72 hours of the filing of this Order, to show cause regarding Respondents' authority to impose conditions as to Petitioner's release—notwithstanding the Court's decision that Respondents lacked a lawful basis to arrest and detain Petitioner in the first instance. In the absence of such a showing, Respondents are directed to remove all conditions from Petitioner.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Alexis D. A. M.'s Motion for an Order to Show Cause (Docket No. [10]) is **GRANTED IN PART**, as follows:

    a. Petitioner's motion to reopen the case is **GRANTED**.

    b. Respondents shall file a reasoned memorandum responding to Petitioner's motion **within 72 hours of the filing of this order**, either

        i. demonstrating the lawful basis for the conditions of release imposed on Petitioner through an Order of Release on Recognizance, or

        ii. confirming that all conditions of release have been removed.

    c. Petitioner shall file any reply **within 24 hours** of the filing of Respondents' answer.

DATED:  February 4, 2026         _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.         JOHN R. TUNHEIM
       United States District Judge